UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAINDY PINSKER,<br><br>                              Plaintiff,<br><br><br><br><br>              -v.-<br><br>PAYMENT RESOLUTION SERVICES, LLC,<br><br>                              Defendant(s). | Civil Action No:<br>2:20-cv-12722<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shaindy Pinsker ("Plaintiff"), a New Jersey resident, brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Payment Resolution Services, LLC ("Defendant"), and respectfully sets forth, complains, and alleges the following based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.     Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

1

collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

### JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

### NATURE OF THE ACTION

5.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

### PARTIES

6.     Plaintiff is a resident of the State of New Jersey, County of Union, residing at 195 Exeter Way, Hillside, NJ, 07205.

7. Defendant Payment Resolution Services, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address of 1009 Windcross Ct., Franklin, TN 37067-2678.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

9. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

10. On or around March 5, 2020, Defendant began collection for an obligation that was allegedly incurred to Aetna, a brand name used by one or more of the Aetna group companies.

11. Upon information and belief, the alleged debt arose out of non-payment for personal health services.

12. The alleged Aetna obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

13. Upon information and belief, Aetna, or a subsequent owner of the Aetna debt, contracted with the Defendant to collect the alleged debt.

14. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation I- March 5, 2020 Letter*

15. On or about March 5, 2020 Defendant sent Plaintiff an initial collection notice regarding the alleged debt owed ("March Letter"). A true and accurate copy of this letter from Defendant is **attached as Exhibit A**.

16.     Despite the fact that this letter contained the notices required in an initial communication by 15 U.S.C. § 1692g(a) it was deceptive in nature by failing to properly describe the alleged debt.

17.     The letter states the amount owed is $480.00, with a date paid of July 12, 2019.

18.     The letter goes on to state "the correct deductible was not taken on your claim. The correct amount should have been $565.76.

19.     The Defendant gives no explanation as to the meaning of these two amounts, or what the disparity practically amounts to.

20.     Furthermore, the letter states that an amount is owed for an incorrect deductible taken but it does not describe what was actually 'taken' or to which transaction it is even referring.

21.     There is no accounting given to show credits or debits, or even a proper description of any error.

22.     Finally, the letter lists the total amount paid as 0, but then has date paid of July 12, 2019.

23.     Once again, the Defendant has included in this letter conflicted terms in a confusing manner, completely failing to meet the obligations required by a debt collector in a collection letter.

24.     Shortly after receiving the March Letter, the Plaintiff contacted Defendant as per the instructions in the letter to dispute the debt.

*Violation II- June 5, 2020 Letter*

25.     On or about June 5, 2020 Defendant sent Plaintiff another notice regarding the alleged debt owed ("June Letter"). A true and accurate copy of this letter from Defendant is **attached as Exhibit B.**

26.     The June Letter begins by stating "We have not received a refund or reply to our previous request for a refund of this debt."

27.     The statement is false on its face, as the Plaintiff had contacted the Defendant in March disputing this debt.

28.     Additionally, the letter states," If you have previously refunded this amount, please attach a copy…"

29.     Once again, the Defendant fails to clearly state what amount it referring to, the $480, the $565, or a different amount than those two listed numbers.

30.     The June Letter also contained another statement of the notices required only in an *initial* communication by 15 U.S.C. § 1692g(a).

31.     Among the rights provided by 15 U.S.C. § 1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

32.     The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

33.     If the consumer disputes the debt after the 30-day period from the initial communication has expired, the debt collector is not required to send the consumer verification.

34.     By stating that the consumer has an additional 30-day period in which she may dispute the debt, which is not accurate per 15 U.S.C. § 1692g(a), the June Letter is misleading or may unfairly confuse the consumer as to her rights.

35.     Alternatively, by giving Plaintiff another opportunity to dispute the debt in the June Letter, Defendant rendered the March Letter's 1692g(a) statement false, when it stated that the Defendant "will assume this debt is valid" if Plaintiff "did not notify [Defendant] within 30 days" that Plaintiff disputes the validity of the debt.

36.     The Defendant clearly did not actually assume the debt was valid as demonstrated by the June Letter which offered Plaintiff another chance to dispute the debt.

### *Violation III- July 10, 2020 Letter*

37.     On or about July 10, 2020 Defendant sent Plaintiff a third notice regarding the alleged debt owed ("July Letter"). A true and accurate copy of this letter from Defendant is **attached as Exhibit C.**

38.     This letter once again states, "If you have previously refunded this amount, please attach a copy…"

39.     Once again, the Defendant fails to clearly state to what amount it is referring, the $480, the $565, or a different amount than those two listed numbers.

40.     Additionally, the July Letter contained another statement of the notices required only in an *initial* communication by 15 U.S.C. § 1692g(a).

41.     By stating that the consumer has an additional 30-day period in which he or she may dispute the debt, which is not accurate per 15 U.S.C. § 1692g(a), Defendants' July Letter is misleading or may confuse the consumer as to his or her rights.

42.     Alternatively, by giving Plaintiff another opportunity to dispute the debt in the July Letter, Defendant rendered both the March *and* June Letters' 1692g(a) statements false.

43.     Because although Defendant claimed it would "assume this debt is valid" if Plaintiff "did not notify [Defendant] within 30 days" that Plaintiff disputes the validity of the debt, Defendant did not actually assume the debt was valid as demonstrated by the subsequent July Letter that offered Plaintiff another chance to dispute the debt.

44.     In addition, the July Letter also falsely stated that Plaintiff's "**immediate** response is required" (emphasis in original).

45.     The July Letter is also deceptive and misleading as it requires an "**immediate** response" but then also states that Plaintiff has "30 days after receiving this notice" to "dispute the validity of this debt".

46.     As a result of Defendant's deceptive, misleading, unfair, and false debt collection practices, Plaintiff has been damaged.


## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

47.     Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

48.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

49.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50.     Defendant violated §1692e:

a. As each letter described above has statements that are open to more than one reasonable interpretation, at least one of which is inaccurate;

b. By continually failing to properly describe the actual debt as well as the amount owed;

c. By failing to acknowledge the Plaintiff had communicated with the Defendant:

d. By requiring an immediate response while also renewing the 30-day time period for which a consumer may dispute the debt;

e. By making a false and misleading representations in violation of §1692e (10).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.


## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

52. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

54. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

55. Defendant violated this section by

a. failing to properly describe the debt; and

b. failing to acknowledge the Plaintiff had communicated with the Defendant:

c. requiring an immediate response while also renewing the 30-day time period for which a consumer may dispute the debt;

56.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g
### *et seq.*

57.     Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

58.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

59.     Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy

of such verification or judgment will be mailed to the consumer by the debt collector; and

5.   A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

60.   Defendant violated 15 U.S.C. §1692g by continuously failing to clearly identify the amount owed, as well a failing to properly describe the nature of the debt.

61.   Additionally, the Defendant violated 15 U.S.C. §1692g by failing to cease collection after the Plaintiff disputed the debt.

62.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

63.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Shaindy Pinsker demands judgment from Defendant Payment Resolution Services, LLC as follows:

a)   For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)   For statutory damages provided and pursuant to 15 U.S.C.  § 1692k(a)(2)(A);

c)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      For declaratory relief stating that Defendant violated the FDCPA pursuant to 28

U.S.C. §2201; and

e)      For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.


Dated: Hackensack, New Jersey
       September 15, 2020

                              */s/ Eliyahu Babad*
                              By:  Eliyahu Babad, Esq.
                              **Stein Saks, PLLC**
                              285 Passaic Street
                              Hackensack, NJ 07601
                              Phone: 201-282-6500 x121
                              Fax: 201-282-6501
                              Email: ebabad@steinsakslegal.com
                              *Attorneys for Plaintiff*